THE TRAVELERS INSURANCE
COMPANY *v.* BENTON

[No. 17, September Term, 1976.]

*Decided November 29, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ORTH, JJ.

*David M. Buffington,* with whom were *Pamela P. Wassman* and *Semmes, Bowen & Semmes* on the brief, for appellant.

*Gilbert A. Hoffman* for appellee.

MURPHY, C. J., delivered the opinion of the Court.

We granted certiorari in this case to consider the proper application of provisions contained in a Personal Injury Protection Endorsement (the PIP endorsement) to a policy of automobile liability insurance issued by appellant Travelers Insurance Company (Travelers) to the appellee Elizabeth Ann Benton, pursuant to the requirements of Maryland Code (1957, 1972 Repl. Vol., 1976 Cum. Supp.) Art. 48A, § 539.

Section 539 provides that no policy of motor vehicle liability insurance may be issued after January 1, 1973 unless it affords minimum medical, hospital, disability and loss of income benefits up to $2,500 (the PIP coverage) for the named insured and for other designated individuals injured as a result of a motor vehicle accident. Section 540 provides that the benefits required under § 539 shall be payable without regard to fault. Section 543 entitled "Duplication of benefits; coordination of benefits" provides in subsection (a) that no person shall recover PIP benefits from more than one motor vehicle liability policy or insurer "on either a duplicative or supplemental basis." Section 543 (b) provides, with respect to a person injured in an accident while occupying a motor vehicle for which PIP coverage is "in effect," that the PIP benefits "shall be payable by the insurer of the motor vehicle." Section 543 (c) provides, with respect to a person insured under a policy providing PIP coverage who is injured in an accident while occupying a motor vehicle for which such coverage "is not in effect," that the PIP benefits "shall be payable by the injured party's insurer providing such coverage."

Appellee Benton was riding as a passenger in an automobile owned and operated by Henry Leland on April 29, 1973 when the vehicle struck a bridge abutment. Benton

sustained personal injuries, incurred medical expenses and lost time from work. Leland was insured under a policy of automobile liability insurance issued by Maryland Automobile Insurance Fund (MAIF) with the required PIP coverage in the amount of $2,500. Benton made claim for PIP benefits against MAIF and received the policy limits of $2,500.

At the time of the accident Benton was the named insured under an automobile liability policy issued by Travelers, which contained the required PIP coverage to the extent of $2,500. She had no separate coverage for medical payments under the provisions of that policy. Benton's total medical expenses and lost earnings exceeded $5,000. After receiving the $2,500 PIP benefits from MAIF, Benton sued Travelers in the District Court of Maryland for breach of contract to recover PIP benefits which she claimed were due under her Travelers' policy. The District Court rendered judgment in her favor against Travelers for $2,500. On appeal to the Baltimore City Court, the judgment was affirmed. We granted certiorari pursuant to Code (1974), 1976 Cum. Supp.) Courts and Judicial Proceedings Article, § 12-305.

Travelers contends that, consistent with the provisions of § 543, the PIP endorsement to its policy issued to Benton excluded coverage for PIP benefits in the circumstances of this case. Specifically, Travelers argues that the policy issued to Benton expressly excluded PIP coverage for the named insured while occupying a nonowned vehicle on which PIP coverage exists under another policy, and that it also provided that a claimant may not recover PIP benefits from more than one motor vehicle liability insurance policy. Travelers relies on the following provisions contained in its PIP endorsement. Under the heading "Exclusions" it is stated that the insurance does not apply "to bodily injury sustained by any person while occupying . . . any motor vehicle, other than an insured motor vehicle, for which the coverage required under Section 539 of Article 48A of the . . . Code . . . is in effect." Under the heading "Limits of Liability" for payment of PIP benefits, it is provided: "No person may recover benefits as prescribed by law and

afforded under this insurance from more than one motor vehicle liability insurance policy on either a duplicative or supplemental basis."

We said in *Maryland Auto Ins. Fund v. Stith*, 277 Md. 595, 356 A. 2d 272 (1976), that where there is no ambiguity or obscurity in the language of a statute, there is usually no need to look elsewhere to ascertain the intent of the legislature. Of course, where statutory language is plain and free from ambiguity and expresses a definite and sensible meaning, courts are not at liberty to disregard the natural import of words with a view toward making the statute express an intention which is different from its plain meaning. *Purifoy v. Merc.-Safe Dep. & Trust*, 273 Md. 58, 327 A. 2d 483 (1974).

Similar principles of construction are applicable in construing provisions of an insurance policy. We said in *Watson v. U. S. F. & G. Co.*, 231 Md. 266, 271, 189 A. 2d 625 (1963), that a policy of insurance is a contract "and when the language employed in it is unambiguous, such a policy is to be construed as other contracts." Where a contract is plain as to its meaning, we have always said that there is no room for construction and it must be presumed that the parties meant what they expressed. *See Little v. First Federated Life*, 267 Md. 1, 296 A. 2d 372 (1972). We observe in this connection that Maryland does not follow the rule applied in many jurisdictions that, absent ambiguity, the policy is to be strictly construed against the insurer. *Pennsylvania Nat'l Mut. v. Bierman*, 266 Md. 420, 292 A. 2d 674 (1972).

The statutory plan making PIP coverage mandatory on a "no-fault basis" plainly requires that all motor vehicles registered in Maryland shall carry such insurance. As a consequence, whenever a person qualifying as an insured under his own motor vehicle liability policy is riding as a passenger in another vehicle registered in Maryland, PIP coverage potentially exists under both policies. The coordination of benefits provision contained in § 543 (a) specifies that recovery shall be under one, but not both policies; it says in no uncertain terms that no person shall recover PIP benefits "from more than one motor vehicle

liability policy or insurer on either a duplicative or supplemental basis." As heretofore indicated, § 543 (b) and (c) establish which insurer is liable for payment of PIP benefits. Where PIP coverage is "in effect" on the motor vehicle involved in the accident, the insurer of that vehicle is liable for payment; where such coverage "is not in effect," the injured person's insurer is liable for the PIP benefits. Travelers' PIP endorsement closely tracks the language of the statute and is entirely consistent with it.

The obvious purpose of the exclusion in Travelers' policy was to eliminate PIP coverage for the named insured where, as here, she was injured while occupying an automobile which had such coverage. Had the Leland vehicle not had PIP coverage in effect, the exclusion in Benton's policy would not have been applicable.

Benton urges that we conclude, as the lower court apparently held, that since her losses exceeded the PIP coverage under Leland's policy with MAIF, coverage thereunder was exhausted and consequently was not "in effect" within the contemplation of § 543 (c). That the argument confuses the existence of required PIP coverage under § 539 with the amount of such coverage is, we think, readily apparent. The legislature quite obviously intended that the provisions of § 543 (c) would apply where either the mandated coverage did not exist or for any reason did not encompass the circumstances of a particular motor vehicle accident. Cases from Virginia relied upon by Benton to support her argument that her Travelers PIP coverage should be "stacked" upon the MAIF coverage deal with medical payments coverage under different circumstances and are plainly inapposite.

Benton suggests that to hold in Travelers' favor is to conclude that she has paid a premium for PIP coverage but will receive nothing for it. The short answer, as Travelers points out, is that consistent with statutory requirements Benton had PIP coverage for herself if she sustained injury (1) while riding in her own automobile, (2) while riding in an automobile without PIP coverage, or (3) if struck as a

pedestrian by an automobile on which there was no PIP coverage.[1]

Finally, Benton claims that the Insurance Commissioner, by order dated March 5, 1974, has determined that the provisions of § 543 (a) prohibiting the recovery of benefits on a duplicative or supplemental basis is not applicable to PIP coverage. Benton misreads the Commissioner's order. The issue before the Commissioner did not involve the "stacking" of PIP coverages; rather, it involved whether provisions in PIP endorsements allowing the insurer to reduce or set off its PIP payment by or against the amount received by the claimant from the tort-feasor's liability coverage was in compliance with the statute. While the Commissioner's order held that it was not, the order is plainly without relevance to the issue in this case.

> *Judgment reversed; case remanded to the Baltimore City Court for entry of a judgment for costs for the appellant; appellee to pay costs.*

---

1. In addition, any operator or passengers in Benton's automobile, and any of her relatives residing in her household were also covered under her PIP endorsement, as were non-relative pedestrians struck by her automobile.