**NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, Appellee,**

v.

**NODAK MUTUAL INSURANCE COMPANY, Appellant.**

No. 82–1141.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1982.

Decided July 7, 1982.

---

Nilles, Hansen, Selbo, Magill & Davies, Ltd., Duane H. Ilvedson, Fargo, N. D., for appellant Nodak Mut. Ins. Co.

Carlton J. Hunke, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N. D., for appellee.

Before ROSS, Circuit Judge, STEPHENSON and HENLEY, Senior Circuit Judges.

PER CURIAM.

This is a declaratory judgment action between plaintiff-appellee National Farmers Union Insurance Co. (NFU) and defendant-appellant Nodak Mutual Insurance Co. (Nodak), essentially seeking a determination as to their respective rights and obligations under the Minnesota No-Fault Act and the North Dakota No-Fault Act. The issue on appeal is whether North Dakota law applies in determining the subrogation rights of one insurance company against another where the contracts were issued in North Dakota to its residents and the accident occurred in Minnesota.

NFU is a corporation organized under the laws of the state of Utah with the principal office in Denver, Colorado. Nodak is organized under the laws of the state of North Dakota with its principal office at Fargo, North Dakota. On June 19, 1980, pursuant to North Dakota law, NFU insured a motor vehicle owned by Joseph Henkenius, who was a resident of North Dakota and who registered and licensed such vehicle in North Dakota. The insurance policy issued to Joseph was in all respects a North Dakota contract. On June 19, 1980, Nodak insured Adolph Henkenius (Joseph's brother) who also was a resident of North Dakota, licensed and registered his vehicle in North Dakota, and this policy was also a North Dakota contract. Adolph's policy specifically covered the car Adolph was operating and Joseph was a passenger in, on June 19, 1980, when the accident, which is the subject of this litigation, occurred while Adolph and Joseph were going fishing in Minnesota. The accident occurred in Minnesota about four miles from the border between North Dakota and Minnesota. As a direct result of this accident, Joseph sustained serious personal injuries which resulted in medical bills of $20,000 and lost wages of $1,740. Nodak refused to pay Joseph's no-fault economic loss benefits which are required under N.D.Cent.Code § 26–41–07(2) (1978), which provides:

26–41–07. Persons entitled to basic no-fault benefits.—Each basic no-fault insurer of a secured motor vehicle shall pay basic no-fault benefits without regard to fault for economic loss resulting from:

1. Accidental bodily injury sustained within the United States of America, its territories or possessions, or Canada by the owner of the motor vehicle or any relative of the owner:

a. While occupying any motor vehicle, or

b. While a pedestrian as the result of being struck by a motor vehicle which, for the purpose of this subdivision, shall also include a motorcycle.

2. Accidental bodily injury sustained by any other person while occupying the secured motor vehicle if the accident occurs within the United States of America, its territories or possessions, or Canada.

3. Accidental bodily injury sustained by any other person as a result of being struck by the secured motor vehicle while a pedestrian in this state.

When Nodak failed to extend the no-fault benefits to Joseph, NFU was required to pay them. NFU made demand upon Nodak to reimburse them in the sum of $21,740 and Nodak refused to pay. The maximum North Dakota benefits are $15,-

000 while Minnesota benefits are $30,000 and NFU determined that it was required to extend its limits to comply with Minnesota's pursuant to N.D.Cent.Code § 26–41–11(2) (1978) which provides in part:

2.  If the accident occurs outside this state but within the United States of America, its territories or possessions, or Canada:

   \*    \*    \*    \*    \*    \*

b.  The limits of no-fault benefits of the applicable jurisdiction exceed the limits provided under this chapter for no-fault benefits, such no-fault benefits shall be deemed to comply with the limits of such benefits of the laws of the applicable jurisdiction.

NFU then brought suit in federal district court in North Dakota to determine whether Nodak was obligated to reimburse NFU for the no-fault economic loss benefits. The parties both filed cross-motions for summary judgment and the court determined that since there were no material facts in dispute, summary judgment was an appropriate device for the disposition of this case. Fed.R.Civ.P. 56. The court held that the threshold and dispositive issue in this case was whether the applicable law was that of Minnesota or North Dakota. Under Minnesota's No-Fault Act, plaintiff NFU, as the insurer of the injured person, would be required to compensate Joseph. Minn. Stat.Ann. § 65B.47(4)(a) (West.Supp.1981). Under North Dakota's No-Fault Act, defendant Nodak, as the insurer of the secured motor vehicle would be required to compensate Joseph. The court then determined that North Dakota's law was applicable by using the "significant contacts" approach to conflict of law questions. Nodak appeals from the judgment alleging that the court erred in using a conflicts approach and contends that the court should have focused only on the statutory priority provisions of the Minnesota No-Fault Act.

We have carefully studied the record, including the trial court's opinion and the briefs of the parties to this action. We find no error of law in the opinion of the district court, and we accordingly affirm pursuant to Rule 14 of the rules of this court on the basis of Judge Benson's opinion published at 528 F.Supp. 1093 (D.N.D.1981).