492 A.2d 290

**James F. RAFFERTY, Pers. Rep. of the Estate of Maureen H. Rafferty**

**v.**

**ALLSTATE INSURANCE COMPANY.**

**No. 104, Sept. Term, 1984.**

Court of Appeals of Maryland.

May 14, 1985.

Clark R. Silcox, Washington, D.C. (McKean, MacIntyre, Wilson & Richardson, P.C., Washington, D.C., and Karen M. Sprecher, Levitan, Ezrin, West & Kerxton, Bethesda, on brief), for appellant.

Charles E. Wilson, Jr., Rockville (McCarthy, Wilson & Ethridge, Rockville, on brief), for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

COUCH, Judge.

On January 9, 1982, Maureen Rafferty was killed in an automobile collision caused by an uninsured motorist. Ms. Rafferty was a passenger in an automobile driven by Laura Berg and insured by State Farm; her estate sought recovery of uninsured motorists insurance proceeds from the driver's insurer and from Maureen's own insurer. The issue before us is whether, under these facts, the Insurance Code, Md.Ann.Code (1957, 1979 Repl.Vol.), Art. 48A, § 543(a),[1] bars any recovery from Allstate Insurance Company, Maureen's insurer. We hold that it does.

The State Farm policy provided uninsured motorist coverage up to $50,000 per person and $100,000 per accident. After some negotiation, State Farm split the proceeds of the policy equally between Ms. Rafferty's estate and the estates of the two other women killed in the collision. Ms. Rafferty's estate thus collected $33,333.33 from State Farm.

In addition, Ms. Rafferty was insured under the uninsured motorist provision of a policy issued by Allstate

---

1. "(a) *Recovery where more than one policy.*—Notwithstanding any other provision of this subtitle, no person shall recover benefits under the coverages required in §§ 539 and 541 of this article from more than one motor vehicle liability policy or insurer on either a duplicative or supplemental basis."

Insurance Company (Allstate) to her father, James Rafferty. Three automobiles were covered under this policy, and for his uninsured motorist coverage Mr. Rafferty paid a premium of $4.40 per car. In turn he received the statutory minimums of uninsured motorist coverage—$20,000 per person and $40,000 per accident. *See* Md.Ann.Code (1957, 1979 Repl.Vol., 1984 Cum.Supp.), Art. 48A, § 541(c)(2), *and* Md. Code (1974, 1984 Repl.Vol.), Transportation Article, § 17–103(b)(1). Ms. Rafferty's estate seeks recovery under this policy, claiming that the statutory minimum of $20,000 per person applies to each car and should be added together, thereby giving her estate $60,000 uninsured motorist coverage. This $60,000 would be set off by the $33,333.33 recovered from State Farm, and Ms. Rafferty's estate would then recover $26,666.67 from Allstate.[2]

Ms. Rafferty's estate first presented this excess coverage claim to Allstate and it denied coverage. The estate then brought a declaratory judgment action against Allstate in Montgomery County Circuit Court. Judge Miller granted Allstate's motion for summary judgment and the estate appealed to the Court of Special Appeals. While the appeal was pending, the estate filed a petition for certiorari and Allstate filed a cross-petition. We granted both certiorari petitions.

The questions raised on certiorari by Ms. Rafferty's estate are:

"I. Whether § 543(a) of Title 48A of the Annotated Code of Maryland applies at all to the appellant's claim for relief insofar as § 543(a) applies only to supplemental

---

2. Ms. Rafferty's policy contained a provision known as "the other insurance clause." This required Ms. Rafferty's estate to first seek recovery from the insurer of the automobile which she occupied at the time of the accident. This insurer is the primary insurer, and Ms. Rafferty's estate could only collect from the secondary insurer (Allstate, in this instance) the excess available under the second policy. *See* Pretzel, Uninsured Motorists § 25.5 (1972). *See also* Md. Code (1957, 1979 Repl.Vol.), Art. 48A, § 543(a).

payments 'from more than one motor vehicle policy' and appellant's claim seeks payments from only one policy?

II. Assuming that § 543(a) of Title 48A of the Annotated Code of Maryland does apply to the appellant's claim for relief, is the payment sought by plaintiff 'supplemental' within the meaning of § 543(a)?"

Allstate posed a single, albeit lengthy, question:

"I. Does the decision of this Court in *Yarmuth, et al., v. Government Employees Insurance Company*, 286 Md. 256, 407 A.2d 315 (1979), effectively overrule the decision of the Court of Special Appeals in *Langston, et al. v. Allstate Insurance Company*, 40 Md.App. 414, 392 A.2d 561 (1978), as to the correct interpretation of the statutory language, i.e., 'supplemental' and 'duplicative', of Section 543(a) of Article 48A of the *Annotated Code of Maryland, 1979 Replacement Volume*, and, therefore, prohibit the adding or 'stacking' of insurance coverage [under more than one policy of insurance] for damages arising out of the same occurrence?" [3]

We believe the issue is more simply stated: Does § 543(a) of the Insurance Code prohibit recovery under more than one insurance policy of uninsured motorist benefits in excess of the statutory minimums. Inasmuch as we hold that it does, we need not address the issue (raised by the estate) of whether the $20,000 coverage on each car may be added together.

We begin by reviewing the two decisions by this Court in which § 543(a) has been discussed. The first decision is *Travelers Ins. Co. v. Benton*, 278 Md. 542, 365 A.2d 1000 (1976). In *Benton*, the insured, Ms. Benton, was a passenger who was riding in an automobile owned and operated by Henry Leland. Mr. Leland was insured by the Maryland Automobile Insurance Fund (MAIF). Ms. Benton claimed Personal Injury Protection (PIP) benefits from MAIF and

---

**3.** The original cert. petition did not contain the bracketed phrase; Allstate's brief, however, included it.

received the policy limits of $2,500. *Id.* at 543–44, 365 A.2d at 1002.

Ms. Benton's medical bills were in excess of $5,000, so she sought to recover another $2,500 in PIP benefits under her own policy issued by Travelers Insurance Company. We held her recovery was barred by § 543(a). We said:

> "The coordination of benefits provision contained in § 543(a) specifies that recovery shall be under one, but not both policies; it says in no uncertain terms that no person shall recover PIP benefits 'from more than one motor vehicle liability policy or insurer on either a duplicative or supplemental basis.' "

*Id.* at 545–46, 365 A.2d at 1003.

In *Yarmuth v. Gov't Employees Ins. Co.*, 286 Md. 256, 407 A.2d 315 (1979), we addressed two questions of law certified by the United States District Court for the District of Maryland. Question No. 2 directly concerned section 543(a):

> "(2) Does § 543(a) of Art. 48A, Ann.Code of Md., prohibit the recovery by an insured of uninsured motorist benefits under one policy where the insured's claim admittedly exceeds $40,000 and where the insured has already recovered the sum of $40,000 under the uninsured motorist coverage of another insurance policy?" [4]

The facts of Yarmuth indicate that Albert, Elizabeth, and Jay Starr, three of the four Starr family members, were killed in a collision with a tractor trailer operated by Fred Kile, an uninsured motorist. Albert Starr, the father, had uninsured motorist benefits with Government Employees Insurance Company (GEICO) of up to $20,000 per person and up to $40,000 per accident, the statutory minimum. *Id.* at 258–59, 407 A.2d at 316.

---

**4.** The $40,000 figure refers to Maryland's statutory minimum coverage per accident. *See* Md. Code Ann. (1974, 1984 Repl.Vol.), Transportation Article, § 17–103(b)(1).

Starr's employer owned and insured the vehicle Starr was operating at the time of the collision. The employer's insurance coverage limits were the same statutory minimum as those of Starr's GEICO policy. *Id.* The Starr family estate and the guardian of the surviving Starr family member recovered the $40,000 policy limit from Zurich Group Insurance Companies, the employer's insurer, and then attempted to recover the $40,000 policy limit from Mr. Starr's insurer, GEICO. *Id.* at 259, 407 A.2d at 317.

We held there could be no recovery over and above the $40,000 recovery from Zurich. In so doing, we applied the principles of *Benton,* "because § 543(a) expressly governs the recovery of both PIP [as in *Benton* ] and uninsured motorist [as in *Yarmuth* ] benefits." *Id.* at 264, 407 A.2d at 319.

We noted that in *Benton,*

"[w]e observed that the coordination of benefits provisions contained in § 543(a) specified that recovery shall be under one, but not both policies; that the statute said in no uncertain terms that no person shall recover PIP benefits from more than one motor vehicle liability policy or insurer on either a duplicative or supplemental basis.... In so concluding, we did not expressly elaborate on the meaning of the 'duplicative or supplemental' language contained in § 543(a). It is nevertheless clear from the opinion that we did not view § 543(a) as simply a device to prevent recovery on a second policy that would thereby result in a claim in excess of total damages." *Id.*
. . . .

"*In light of Benton, therefore, § 541(c) must be read to have the purpose of providing minimum protection to individuals injured by uninsured motorists.* But such benefits may be obtained under § 543(a) in the circumstances here involved only through the primary policy. In prohibiting recovery of uninsured motorist benefits from more than one policy or insurer on a duplicative or supplemental basis, 'duplicative' means payment in full twice or more for the same claim. The

term 'supplemental' is, we think, more encompassing, and refers to attempts to fill the deficiencies in the uninsured motorist coverage of the primary policy by claiming under a second policy. *Under either term, after a claim for policy limits has been paid under the primary policy, recovery under a second policy is prohibited."*

"..... The interpretation of § 543(a), as urged by appellants, would result in an unwarranted judicial enactment of an amount of uninsured motorist coverage that is greater than the minimum statutory limits as specified by the General Assembly. This would give a victim of an uninsured motorist greater insurance protection than would be available if he had been injured by an insured motorist having only the minimum required liability insurance." *Id.* at 264–65, 407 A.2d at 319 [footnote omitted] [emphasis added].

*Yarmuth* holds that § 543(a) precludes recovery of proceeds from more than one policy when the amount of total recovery exceeds the statutory minimums. In other words, when the insured has recovered from the primary insurer an amount equal to or greater than the statutory minimum, he cannot look to the secondary insurer for any recovery.

■ This holding comports with the General Assembly's primary purpose in enacting uninsured motorists benefits: that is, "to assure financial compensation to the innocent victims of motor vehicle accidents who are unable to recover from financially irresponsible uninsured motorists." *Pennsylvania Nat'l Mut. v. Gartelman,* 288 Md. 151, 157, 416 A.2d 734, 737 (1980). Moreover, it furthers the specific legislative goal in enacting section 543(a), in that it avoids any duplication of uninsured or PIP benefits. *State Farm Mut. Automobile Ins. Co. v. Ins. Comm'r of Maryland,* 283 Md. 663, 675, 392 A.2d 1114 (1978). We believe that allowing recovery under the second policy in excess of the statutory minimum would be the type of "unwarranted judicial enactment" we sought to avoid in *Yarmuth. See also Parsons v. Erie Ins. Group,* 569 F.Supp. 572, 581

(D.Md.1983) (Under § 543, combined coverage shall be no greater than the minimum coverage required by statute).

In this instance, Ms. Rafferty's estate has recovered $33,333.33 from the primary insurer. This recovery exceeds the statutory minimum of $20,000. Assuming, *arguendo*, that Mr. Rafferty was entitled to the $60,000 coverage which he claims as his due, if we allowed the estate to recover under the policy we would be giving the estate greater protection than if Ms. Rafferty had been hit by an insured motorist whose coverage was merely the minimum required by statute. *Yarmuth, supra,* 286 Md. at 265, 407 A.2d at 319. While we comprehend the estate's theory that it is entitled to $60,000 coverage because Mr. Rafferty paid premiums for $20,000 coverage on each of his three cars, we believe § 543(a) requires us to hold that when more than one insurance policy is at issue, as is clearly the case here, recovery must be limited to the statutory minimum.

Ms. Rafferty's estate attempts to distinguish *Benton* and *Yarmuth* based on the fact that in both appeals the amount of insurance provided by the primary and the secondary insurer were the same. In this appeal, they contend, the coverage amounts are not equal; the primary coverage amounted to $33,333.33, while the secondary coverage is $60,000.00. Inasmuch as we read *Yarmuth* to hold that only the statutory minimums need be met in order to preclude coverage under more than one policy, the estate's argument is without merit.

■ The estate contends that § 543(a) is "not a *per se* prohibition against recoveries under more than one policy." With this we agree, but we believe the instances in which more than one policy may be utilized are limited to those in which the primary insurer's uninsured motorist coverage is less than the statutory minimum. For example, given the facts of this appeal, had the primary insured been from out of state and purchased coverage for less than the Maryland

statutory minimums, then Ms. Rafferty's estate could have recovered from Allstate up to the $20,000 minimum.

Finally, Allstate's petition for certiorari requested that we specifically overrule *Langston v. Allstate Ins. Co.*, 40 Md.App. 414, 392 A.2d 561 (1978), as to the correct interpretation of the statutory language of § 543(a), *i.e.*, recovery on a "supplemental" and "duplicative" basis. We need not address this, as in *Yarmuth*, in footnote 3, we expressed our "disagreement with a contrary construction placed upon § 543(a) in dicta by the Court of Special Appeals in *Langston v. Allstate Ins. Co. . . .*" *Yarmuth, supra*, 286 Md. at 265 n. 3, 407 A.2d at 319.

We hold that § 543(a) prohibits recovery of uninsured motorist benefits in excess of the statutory minimums from more than one insurer.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.