125 N.J. Super. 468 (1973)
311 A.2d 748
FRANKLIN HARRIS AND GEORGIANA HARRIS, PLAINTIFFS,
v.
MARIE OSORIO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 4, 1973.
*469 Mr. Milton D. Liebowitz, attorney for plaintiffs.
Mr. Anthony C. Stuart, attorney for defendant.

SUPPLEMENTAL OPINION
MORRISON, W.R., J.D.C. Temporarily Assigned.
Defendant has moved for leave to appeal this court's interlocutory judgment denying its motion for summary judgment. The opinion of this court is hereby supplemented, pursuant to R. 2:5-1(f).
In defendant's motion for leave to appeal attention is drawn to N.J.S.A. 39:6A-16 which provides that the no-fault act "shall be liberally construed so as to effect the purpose thereof." It is apparent that the purpose of the act is to provide for prompt payment of medical bills, lost wages and property damage without having to await the outcome of protracted litigation. To effectuate the prompt payment concept, a limitation is placed on the right to sue, as specified in N.J.S.A. 39:6A-8. But N.J.S.A. 39:6A-16 does not specify which word in 39:6A-8 is to receive "liberal" construction  "treatment" or "diagnostic" [medical expenses]. A liberal construction of "diagnostic" so as to be broadly inclusive would preclude a similarly liberal construction of "treatment," since the words are partially contradictory. However, even if "diagnostic" were construed liberally, and "treatment" were construed strictly  the most favorable method of construction for defendant  the result of the case at bar would not change. Any construction of the word "treatment," defined in Black's Law Dictionary *470 (4th ed.) as including diagnosis, reveals that the two terms are at least partially mutually inclusive. The mandate of N.J.S.A. 39:6A-16 is of no help in resolving the instant construction problem. Therefore, the ordinary rules of construction were applied.
For the reasons stated in the original opinion, as supplemented above, defendant's motion for summary judgment was denied.