548 A.2d 135

**Tina Harness GABLE**

v.

**COLONIAL INSURANCE COMPANY OF CALIFORNIA.**

No. 27, Sept. Term, 1987.

Court of Appeals of Maryland.

Oct. 13, 1988.

Marc J. Atas (Cohen, Dwin & Garfield, P.A., on the brief), Baltimore, for petitioner.

Edward J. Brown (Smith, Somerville & Case, on the brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ELDRIDGE, Judge.

Section 539(a) of the Maryland Insurance Code mandates that every motor vehicle insurance policy issued in this State shall provide minimum "medical, hospital and disability benefits" (known as "Personal Injury Protection" or "PIP" benefits). Maryland Code (1957, 1986 Repl.Vol., 1988 Cum.Supp.), Art. 48A, § 539(a). Under § 543(d) of the Insurance Code, however, the PIP benefits are to be reduced by the amount of benefits the recipient "has recovered ... under workmen's compensation laws." The question before this Court is whether a provision in a motor vehicle insurance policy providing for a reduction in PIP benefits by the amount the insured may be entitled to recover in the future under "workers' compensation law" is valid in light of the above statutory provisions. We hold that it is not.

The facts are not in dispute. On September 6, 1985, Tina Harness Gable, while in the course of her employment, was injured in an automobile accident. Ms. Gable filed a claim with the Workmen's Compensation Commission in September 1985. She did not pursue her claim, however, and has never received any benefits under the Workmen's Compensation Act. Ms. Gable then filed a claim for PIP benefits with her automobile insurer, Colonial Insurance Company of California. Colonial refused to pay because of a policy exclusion for injuries "occurring during the course of employment if benefits are payable or must be provided under a workers' compensation law or similar law." [1]

---

1. Part III of the policy provides:

Ms. Gable brought this action in the District Court of Maryland, sitting in Baltimore County, to recover $978.55 in PIP benefits. After judgment was entered in favor of Colonial because of the policy exclusion, Ms. Gable appealed to the Circuit Court for Baltimore County. In the de novo appeal, the circuit court granted Colonial's motion for summary judgment, relying on the policy exclusion. Thereafter, this Court granted Ms. Gable's petition for a writ of certiorari which challenged the validity of the policy provision as applied under the circumstances of this case.

As previously noted, *supra* n. 1, both parties agree that the language of the Colonial insurance policy bars recovery of PIP benefits in the instant case. Nevertheless, if the policy provision, as applied to the facts of this case, is contrary to the Insurance Code, the provision is unenforceable. *See, e.g., Lee v. Wheeler,* 310 Md. 233, 528 A.2d 912 (1987); *Hoffman v. United Services Auto. Ass'n,* 309 Md. 167, 171–172, 174–179, 522 A.2d 1320 (1987); *State Farm Mut. v. Nationwide Mut.,* 307 Md. 631, 636, 516 A.2d 586 (1986); *Nationwide Mutual Ins. Co. v. Miller,* 305 Md. 614, 620, 505 A.2d 1338 (1986); *Jennings v. Government Employees Ins.,* 302 Md. 352, 356–357, 488 A.2d 166 (1985); *Guardian Life Ins. v. Ins. Comm'r,* 293 Md. 629, 643, 446 A.2d 1140 (1982); *Nationwide Mutual Ins. v. Webb,* 291 Md. 721, 436 A.2d 465 (1981); *Pennsylvania Nat'l Mut. v. Gartelman,* 288 Md. 151, 156, 416 A.2d 734 (1980). In our view the provision, as applied to PIP benefits and work-

---

"We will pay for reasonable expenses actually incurred within one year from the date of accident for necessary medical and funeral services because of bodily injury suffered by an insured person."

      *    *    *    *    *    *

"This coverage will also not apply for bodily injury to any person:
   "(9) Occurring during the course of employment if benefits are payable or must be provided under a workers' compensation law or similar law."

It is unclear whether this section was intended to apply to PIP benefits under § 539. Nevertheless, because both parties and the courts below have proceeded as if the policy provision were intended to be applicable, we shall, for purposes of this case only, proceed upon the same assumption.

men's compensation benefits not yet recovered, is inconsistent with public policy as embodied in the Maryland Insurance Code. The statutory language allows a deduction from PIP benefits only for workmen's compensation benefits actually received.

Section 539(a) of the Insurance Code requires every motor vehicle liability insurance policy issued in Maryland to afford a minimum of $2,500 medical, hospital, and disability benefits. Section 543(d), however, specifies: "Benefits payable under the coverages required in [§ 539] ... shall be reduced to the extent that the recipient *has recovered* benefits under workmen's compensation laws of any state or the federal government." (Emphasis added).

The language of § 543(d) shows a legislative intent to provide offsets only for workmen's compensation benefits actually received and not for future benefits. The subsection provides for a deduction only for workmen's compensation benefits that the claimant "has recovered." The General Assembly drew a sharp distinction between workmen's compensation benefits which have been received and those benefits which have not. To allow a deduction for unrecovered benefits would insert an additional exception to the provision mandating PIP coverage. As a matter of statutory construction, where the Legislature has required specified coverages in a particular category of insurance, and has provided for certain exceptions or exclusions to the required coverages, additional exclusions are generally not permitted. *Lee v. Wheeler, supra,* 310 Md. at 239, 528 A.2d at 915; *State Farm Mut. v. Nationwide Mut., supra,* 307 Md. at 638, 516 A.2d at 589; *Jennings v. Government Employees Ins., supra,* 302 Md. at 358–359, 488 A.2d at 169–170; *DeJarnette v. Federal Kemper Ins. Co.,* 299 Md. 708, 725, 475 A.2d 454 (1984); *Pennsylvania Nat'l Mut. v. Gartelman, supra,* 288 Md. at 156, 416 A.2d at 737.

Colonial chiefly relies upon *State Farm Mut. v. Ins. Comm'r,* 283 Md. 663, 392 A.2d 1114 (1978), asserting that "*State Farm* is directly on point." (Brief, p. 8). Nevertheless, it is the difference between recovered and unrecovered

workmen's compensation benefits which makes the case at bar distinguishable from the *State Farm* case. In *State Farm,* the insured had received workmen's compensation benefits but later had reimbursed the workmen's compensation carrier when he received a settlement for his tort claim against a negligent third party. When the insured's own automobile insurance company reduced his PIP benefits by the amount he had received from, but later repaid to, the workmen's compensation carrier, he brought suit. This Court held that the automobile insurance carrier could offset the PIP benefits by the amount of the workmen's compensation benefits because the insured "had recovered" those workmen's compensation benefits. In reaching that conclusion, we stated (283 Md. at 671–672, 392 A.2d at 1118):

> "The critical words in the statute are 'has recovered.' The general meaning in law of the verb 'to recover' is 'to get,' 'to obtain,' 'to come into possession of,' 'to receive.' *Garza v. Chicago Health Clubs, Inc.,* 347 F.Supp. 955, 962 (N.D.Ill.1972); *Covert v. Randles,* 53 Ariz. 225, 231, 87 P.2d 488, 490 (1939); *Swader v. Flour Mills Co.,* 103 Kan. 703, 704, 176 P. 143, 144–145 (1918); *Black's Law Dictionary,* p. 1440 (rev. 4th ed. 1968); *Webster's New International Dictionary of the English Language,* p. 2081 (2d ed. unabridged, 1961). In a narrower sense, 'to recover' means 'to succeed in a [legal] proceeding,' *Webster's New International Dictionary of the English Language, supra,* or 'to obtain in any legal manner in contrast to voluntary payment,' *Black's Law Dictionary, supra. See also Union Petroleum S.S. Co. v. United States,* 18 F.2d 752, 753 (2d Cir.1927), *cert. denied,* 274 U.S. 760, 47 S.Ct. 770, 71 L.Ed. 1338 (1927); *Garza v. Chicago Health Clubs, Inc., supra,* 347 F.Supp. at 962; *Covert v. Randles, supra,* 53 Ariz. at 231."

Under either definition of "has recovered" the insured in the present case, unlike the insured in *State Farm,* has not recovered any workmen's compensation benefits. *See also Hines v. Potomac Elec. Power Co.,* 305 Md. 369, 376–377,

504 A.2d 632 (1986); *Smelser v. Criterion Ins. Co.*, 293 Md. 384, 444 A.2d 1024 (1982).

The contrast between the language of the Maryland statute and that of similar statutes in other states is further indication of the General Assembly's intent to allow offsets only for those workmen's compensation benefits which have been actually received. New York's no-fault statute, for example, states that benefits shall be reduced by "amounts recovered or *recoverable* on account of such injury under state or federal laws providing social security disability benefits, or workers' compensation benefits." N.Y.Ins.Law § 5102(b)(2) (Consol.1985) (emphasis added). *Accord* Conn. Gen.Stat.Rev. § 38–333, subd. [c] (1987) ("any amount paid or payable by virtue of any workers' compensation law shall be deducted"); Mich.Comp.Laws § 500.3109 (1983) ("Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted ..."); Minn.Stat.Ann. § 65B.61, subd. 2 (1986) ("If benefits are paid or payable under a workers' compensation law ... no disability income loss benefits are payable ..."); Utah Code Ann. § 31A–22–309 (1986) (benefits "are reduced by ... any benefits which that person receives or is entitled to receive ... under any workers' compensation ... plan").

A New York court pointed to the legislature's choice of the word 'recoverable' in holding that in New York an insurer may deduct the amount of workmen's compensation benefits upon a mere showing of their availability. *Carlo Service Corp. v. Rachmani*, 64 A.D.2d 579, 407 N.Y.S.2d 700, 701 (1978). Conversely, the absence of the word 'recoverable' in the Maryland statute indicates that in Maryland the insurer's right to offset workmen's compensation benefits is contingent upon their receipt.

Colonial Insurance Company also relies upon § 540(a) of the Maryland Insurance Code. Subsection (a) of § 540 states as follows:

"(a) *Fault; collateral sources; coordination; subrogation.*—The benefits required under § 539 of this subtitle shall be payable without regard to the fault or non-

fault of the named insured or the recipient in causing or contributing to the accident, and without regard to any collateral source of medical, hospital, or wage continuation benefits.  Where the insured has coverage for both the benefits required under § 539 and the collateral benefits, the insurer or insurers may coordinate the policies to provide for nonduplication of such benefits; subject, however, to appropriate reductions in premiums for one or both of said coverages approved by the Insurance Commissioner, and the named insured shall have the right to elect or reject the coordination of policies and nonduplication of benefits.  If the insured elects to coordinate, he shall indicate in writing which policy is to become primary.  An insurer paying benefits under § 539 of this article shall have no right of subrogation and no claim against any other person or insurer to recover any such benefits by reason of the alleged fault of such other person in causing or contributing to the accident."

The first sentence of § 540(a), instead of supporting Colonial's position, confirms the legislative intent that generally there are to be no offsets against the PIP benefits required under § 539.  The second sentence of § 540(a), which Colonial specifically invokes, has no application to this case.  As the language of the second and third sentences demonstrates, the statutory provision contemplates a situation where the insured has taken out two overlapping insurance policies, where the insurer or insurers under both policies have decided to coordinate them, where there has been a reduction in premiums because of the coordination, where the Insurance Commissioner has approved the reduction, where the insured has been given the opportunity to reject the coordination but has, instead, elected to coordinate, and where the insured has in writing designated which policy is to be primary.  As far as the record in this case shows, none of these circumstances is present here.  Moreover, it would not seem that coordination of workmen's compensation benefits (which are the responsibility of the employer who sometimes is self-insured) with an employee's PIP

benefits under his automobile insurance policy, could ever come within § 540(a).

Furthermore, there is another reason for § 540(a)'s inapplicability to the instant case. Section 543(d) is the section specifically dealing with the coordination of PIP and workmen's compensation benefits. Under the rule that specific terms of a statute prevail over general language, § 543(d) would govern this case rather than the more general language in § 540(a). *See DeJarnette v. Federal Kemper Insurance Co.,* *supra,* 299 Md. at 718, 475 A.2d at 459, and cases there cited.

Not only is a deduction for unrecovered workers' compensation benefits prohibited by the language of the Insurance Code, but it would be contrary to the policies underlying the provision for mandatory PIP benefits. The primary purpose of the statutory provisions is to promote certain and prompt recovery. As Chief Judge Murphy recently pointed out for the Court in *Insurance Commissioner v. Property and Casualty Insurance Guaranty Association,* 313 Md. 518, 532, 546 A.2d 458 (1988), "one of [the Insurance Code's] fundamental aims is the speedy provision of PIP benefits without the lengthy delays entailed by ... litigation. Such prompt payment is a basic purpose of no-fault insurance generally...." [2] Moreover, this purpose may be gleaned from various provisions in the Insurance Code. Section 544, for example, requires that all PIP claims must be paid within 30 days of satisfactory proof. Additionally, § 540(a) provides that benefits "shall be payable without regard to the fault or nonfault of the named insured or the recipient in causing or contributing to the accident." Thus, the provisions for PIP benefits contemplate that the insured

---

**2.** *See also, e.g., Solimano v. Consolidated Mutual Ins. Co.,* 146 N.J.Super. 393, 397, 369 A.2d 1003 (1977); *Perkins v. Merchants Mut. Ins. Co.,* 41 N.Y.2d 394, 396, 393 N.Y.S.2d 347, 348, 361 N.E.2d 997, 998 (1977); Note, *A Legal Process Analysis for a Statutory and Contractual Construction of Notice and Proof of Loss Insurance Disclaimers—* Government Employees Insurance Co. v. Harvey, 38 Md.L.Rev. 299, 299 (1978).

would avoid the delay, uncertainty, and expense of litigation. Allowing an insurer to offset unrecovered workmen's compensation benefits would undermine these policies. Inevitably, disputes would arise between the PIP carrier and the insured as to whether workmen's compensation would cover the claim. These problems, however, do not arise where the insured has already been paid by the workmen's compensation carrier. There the goals of certain and prompt payment are met.

Similar considerations led a New Jersey court to hold that an automobile insurer may not set-off unrecovered workmen's compensation benefits against no fault benefits, *Solimano v. Consolidated Mutual Ins. Co.*, 146 N.J.Super. 393, 369 A.2d 1003 (1977). The court in *Solimano* reached this conclusion even though the New Jersey statute provided that "benefits *collectible* under workmen's compensation insurance ... shall be deducted...." N.J.S.A. 39:6A–6 (1973) (emphasis added). The court reasoned (146 N.J.Super. at 397, 369 A.2d at 1005):

"In interpreting that section this court has stated:

'It is apparent that the purpose of the act is to provide for prompt payment of medical bills, lost wages and property damage without having to await the outcome of protracted litigation. [*Harris v. Osorio*, 125 N.J.Super. 468, 469, 311 A.2d 748, 749 (Law Div.1973) ].'

"To the above quotation from our opinion in *Harris* we now add the words 'or an involved claim in workmen's compensation.' Simply stated, the No Fault Act was designed to get the bills paid and keep the injured insured, and those who must rely upon him or her for support, off the public assistance rolls. [A reading that the PIP claimant must dispose of his workers' compensation claim first] would require a judicial mandate to the least capable party (*i.e.*, the injured, oftentimes debilitated, insured) to exhaust all possibilities for recovery before turning to his primary source of reimbursement—the PIP carrier. This position is contrary to the letter and spirit

of the No Fault Act and the recent decisions of our courts interpreting it. We therefore reject it."

We hold, therefore, that an automobile insurer may only deduct from PIP benefits the amount of workmen's compensation benefits actually received. To the extent that the insurance policy exclusion in the case at bar is inconsistent with this holding, it is void.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. RESPONDENT TO PAY COSTS.