792 A.2d 272

BARRY W. LEWIS

v.

ALLSTATE INSURANCE COMPANY.

No. 122, Sept. Term, 1999.

Court of Appeals of Maryland.

March 4, 2002.

Gerard P. Uehlinger, Towson, for petitioner.

Michael A. DeSantis, Lanham, for respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY *, RAKER, WILNER, CATHELL, and HARRELL, JJ.

ELDRIDGE, J.

The issue in this case is whether the Maryland statutory provisions regulating motor vehicle insurance, Maryland Code (1997, 2001 Supp.), § 19–501 *et seq.* of the Insurance Article, authorize a policy provision which reduces the amount of uninsured motorist benefits, to which the insured is otherwise entitled, by the amount of money which the insurer had previously paid to the insured under a medical payments endorsement in the policy. We shall hold that a policy provision providing for such reduction is not authorized by the statutes and is, therefore, invalid.

The basic facts of the case have been stipulated to by the parties. On December 31, 1994, Barry W. Lewis was driving his 1993 Chevrolet automobile on Belle Grove Road, at the intersection with Gibbons Avenue, in Anne Arundel County, Maryland, when Lewis's Chevrolet was struck by a vehicle driven by Karl W. Reiser. According to Lewis, he was lawfully and carefully driving his automobile at the time, and Reiser negligently drove through a stop sign on Gibbons Avenue, thereby causing the collision. As a result of the accident, Lewis sustained personal injuries and incurred medical expenses.

Reiser was an uninsured motorist, and Lewis's vehicle was insured by Allstate Insurance Company. The Allstate policy issued to Lewis included the statutorily required liability, personal injury protection, and uninsured motorist coverages. The policy also contained an optional medical payments endorsement, for which Lewis paid a separate premium, providing medical payments coverage in addition to that encompassed by the personal injury protection coverage.

---

* Rodowsky, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

In light of his injuries resulting from the accident, Lewis filed claims with Allstate under the medical payments endorsement and the uninsured motorist coverage of his policy. The parties settled the medical payments claim for $5,000.00, which Allstate paid to Lewis, but they were unable to settle the uninsured motorist claim.

Lewis and his wife then filed in the Circuit Court for Anne Arundel County a three-count complaint seeking monetary damages from the uninsured motorist Reiser and from Allstate. Count one was a tort action in which it was alleged that the accident was caused by Reiser's negligence, and count two was an action for loss of consortium. The third count was a breach of contract claim against Allstate, based upon the uninsured motorist provisions of the insurance policy. A default order, and later a default judgment, was entered against Reiser.

The breach of contract action against Allstate was tried before a jury which rendered a verdict against Allstate totaling $11,154.00. The jury's verdict specified the damages as follows: past medical bills—$2,910.00; past lost wages—$6,244.00; non-economic damages—$2,000.00.

Thereafter, Allstate filed a motion to revise the judgment by reducing it to $6,154.00. According to Allstate, the reduction was justified because of the $5,000.00 which Allstate had previously paid under the medical payments endorsement in the policy. Allstate relied on a policy provision in the uninsured motorist coverage which stated that uninsured motorist

"damages payable will be reduced by ... all amounts payable under any workers compensation law, disability benefits law, or similar law, automobile medical payments, or any similar automobile medical payments coverage."

In response to Allstate's motion, Lewis argued, *inter alia,* that the above-quoted policy provision was void under the Maryland statutes regulating automobile insurance.

The Circuit Court granted Allstate's motion and reduced the judgment to $6,154.00. Lewis appealed, and the Court of Special Appeals affirmed in an unreported opinion. This

Court then granted Lewis's petition for a writ of certiorari. *Lewis v. Allstate,* 357 Md. 190, 742 A.2d 520 (1999).

As we have pointed out on several occasions, the Maryland statutory provisions regulating motor vehicle insurance are comprehensive. These statutes mandate compulsory motor vehicle insurance or approved self-insurance, require that motor vehicle insurance policies contain particular coverages in specified minimum amounts, require that certain other coverages be offered to insureds, prohibit various practices by motor vehicle insurance companies, and create administrative procedures for resolving controversies between insureds and insurers. With regard to coverages which are either required or which insurers must offer to their insureds, the statutory provisions expressly authorize certain limitations, conditions, exceptions and exclusions. For more detailed discussions of the comprehensive Maryland statutory scheme regulating motor vehicle insurance, *see, e.g., Dutta v. State Farm,* 363 Md. 540, 547–555, 769 A.2d 948, 952–956 (2001); *MAIF v. Perry,* 356 Md. 668, 670–676, 741 A.2d 1114, 1115–1118 (1999); *Enterprise v. Allstate,* 341 Md. 541, 549–551, 671 A.2d 509, 514–515 (1996); *Van Horn v. Atlantic Mutual,* 334 Md. 669, 679–684, 641 A.2d 195, 200–202 (1994); *Forbes v. Harleysville Mutual,* 322 Md. 689, 695–700, 589 A.2d 944, 947–949 (1991); *Lee v. Wheeler,* 310 Md. 233, 236–242, 528 A.2d 912, 914–917 (1987).

Furthermore, any portions of motor vehicle insurance policies which are inconsistent with this statutory scheme are void. *Bishop v. State Farm,* 360 Md. 225, 234–235, 757 A.2d 783, 788 (2000) ("To the extent that applicable insurance regulatory statutes require broader or different coverage than the wording of an insurance policy, 'the statutory language would prevail over the insurance policy language,'" quoting *West American v. Popa,* 352 Md. 455, 465 n. 2, 723 A.2d 1, 6 n. 2 (1998)). *Staab v. American Motorists,* 345 Md. 428, 436–437, 693 A.2d 340, 344 (1997); *Gable v. Colonial Ins. Co.,* 313 Md. 701, 703, 548 A.2d 135, 136 (1988) ("if the policy provision . . . is contrary to the Insurance Code, the provision is unenforceable"), and cases there cited.

In light of the comprehensive nature of the statutory provisions regulating motor vehicle insurance, and the various limitations, conditions, exceptions and exclusions expressly authorized by the Legislature, this Court has consistently "held invalid insurance policy limitations, exclusions and exceptions to the statutorily required coverages which were not expressly authorized by the Legislature." *Van Horn v. Atlantic Mutual, supra,* 334 Md. at 686, 641 A.2d at 203. *See also Dutta v. State Farm, supra,* 363 Md. at 552, 769 A.2d at 955 (" 'exclusions from statutorily mandated insurance coverage not expressly authorized by the Legislature generally will not be recognized,' " quoting *West American v. Popa, supra,* 352 Md. at 475, 723 A.2d at 10–11); *Enterprise v. Allstate, supra,* 341 Md. at 547, 551, 671 A.2d at 512, 515 ("Where the Legislature has mandated insurance coverage, this Court will not create exclusions that are not specifically set out in the statute. * * * [T]he purpose of the compulsory insurance law 'would be frustrated to a significant extent' if we were to allow an exclusion from the required security that is not specifically provided by statute"); *Larimore v. American Ins. Co.,* 314 Md. 617, 622, 552 A.2d 889, 891 (1989); *Gable v. Colonial Ins. Co., supra,* 313 Md. at 704, 548 A.2d at 137 ("where the Legislature has required specified coverages in a particular category of insurance, and has provided for certain exceptions or exclusions to the required coverages, additional exclusions are generally not permitted"); *Lee v. Wheeler, supra,* 310 Md. at 239, 528 A.2d at 915 ("we will not imply exclusions nor recognize exclusions beyond those expressly enumerated by the legislature").

Specifically with regard to the monetary amounts of insurance coverages which are required or must be offered by insurers, the statutory provisions extensively set forth mandated minimum amounts as well as permissible offsets and reductions in the coverages. *See, e.g.,* the following sections of the Insurance Article: § 19–504 (minimum liability coverage); § 19–505(b) (minimum personal injury protection benefits); § 19–507(b) (authorizing nonduplication policy provisions where there are both personal injury protection and medical

insurance benefits); § 19–509(e) (delineating the minimum amount of uninsured/underinsured motorist coverage); § 19–512(a) (authorizing deductibles, in specified amounts, under collision coverage); § 19–513(d) (permitting certain deductions from uninsured/underinsured motorist benefits under limited special circumstances); § 19–513(e) (authorizing a reduction in personal injury protection and uninsured/underinsured motorist benefits by the amount of workers' compensation benefits previously received).

Since the General Assembly has in detail expressly authorized certain offsets from or reductions in the statutorily mandated monetary amounts of insurance, this Court has steadfastly refused to recognize other offsets or reductions not expressly authorized by statute. For example, § 19–513(e) of the Insurance Article authorizes a reduction in personal injury protection (PIP) and uninsured/underinsured motorist benefits by the amount of workers' compensation benefits that the recipient has previously received. In *Gable v. Colonial Ins. Co., supra,* 313 Md. 701, 548 A.2d 135, we held that a provision in an insurance policy, authorizing a reduction in PIP benefits by the amount of workers' compensation benefits to be received in the future, was void. The Court in *Gable* stated (313 Md. at 704, 548 A.2d at 136–137):

"The language of § [19–513(e)] shows a legislative intent to provide offsets only for workmen's compensation benefits actually received and not for future benefits. The subsection provides for a deduction only for workmen's compensation benefits that the claimant 'has recovered.' The General Assembly drew a sharp distinction between workmen's compensation benefits which have been received and those benefits which have not. To allow a deduction for unrecovered benefits would insert an additional exception to the provision mandating PIP coverage. As a matter of statutory construction, where the Legislature has required specified coverages in a particular category of insurance, and has provided for certain exceptions or exclusions to the required coverages, additional exclusions are generally not permitted."

Later, in *Larimore v. American Ins. Co., supra,* 314 Md. at 624, 552 A.2d at 892, we explained:

"Since the General Assembly has extensively considered the relationship between collateral source benefits and the mandatory minimum motor vehicle insurance coverages, and has determined what reductions and exclusions in the compulsory insurance benefits are allowable because of collateral source payments, this Court has been most reluctant to uphold additional set-offs or exclusions."

*See, e.g., Dutta v. State Farm, supra,* 363 Md. at 552 553, 769 A.2d at 955–956 (PIP benefits may not be reduced by amounts which an HMO had paid to a hospital on behalf of an insured, as the Legislature had not authorized such reduction); *Revis v. Automobile Ins. Fund,* 322 Md. 683, 687, 589 A.2d 483, 484 (1991) ("[I]t is . . . clear that the General Assembly did not intend to prohibit duplication of all benefits. Thus, . . . a recipient of UM [uninsured motorist] benefits is also entitled to recover under the PIP provisions of his or her policy"); *Maryland Auto. Ins. Fund v. Stith,* 277 Md. 595, 356 A.2d 272 (1976) (prohibiting reduction of uninsured motorist benefits when not authorized by statute). *Cf. State Farm Mut. v. Ins. Comm'r,* 283 Md. 663, 670–676, 392 A.2d 1114, 1117–1120 (1978) (reduction in PIP benefits was required where statute expressly mandated the reduction).

As previously mentioned, the General Assembly has provided for reductions from uninsured/underinsured motorist benefits under limited special circumstances.[1] The present case,

---

1. Section 19–513(d) and (e) of the Insurance Article (2001 Supp.) states as follows:

"(d) *Same–Coverage under subtitle not in effect.*—(1) The insurer under a policy that contains the coverages described in §§ 19–505 and 19–509 of this subtitle shall pay the benefits described in §§ 19–505 and 19–509 to an individual insured under the policy who is injured in a motor vehicle accident:

(i) while occupying a motor vehicle for which the coverages described in §§ 19–505 and 19–509 of this subtitle are not in effect; or

(ii) by a motor vehicle for which the coverages described in §§ 19–505 and 19–509 of this subtitle are not in effect as a pedestrian, while

however, does not fall within those special circumstances. No statutory provision authorized a reduction in Lewis's unin-sured/underinsured motorist benefits by the amount which had been paid to Lewis under his medical payments endorse-ment. Consequently, under our cases discussed above, the reduction was not permitted, and the insurance policy lan-guage providing for the reduction is void.

Moreover, not only was the reduction in this case statutorily unauthorized, but it was inconsistent with the Legislative purpose of requiring uninsured/underinsured motorist benefits in specified minimum amounts. Section 19–509(e) of the In-surance Article requires that every motor vehicle insurance policy contain uninsured/underinsured motorist benefits in the same minimum amounts as the required liability insurance ($20,000/$40,000). In addition, unless waived in writing by the insured, § 19–509(e)(2) mandates that the uninsured/underin-sured motorist coverage "shall equal the amount of liability coverage provided under the policy."[2] *See West American v.*

---

in, on, or alighting from a vehicle powered by animal or muscular power, or while on or alighting from an animal.
 (2) Benefits payable under paragraph (1) of this subsection shall be reduced to the extent of any medical or disability benefits coverage that is:
 (i) applicable to the motor vehicle for which the coverages de-scribed in §§ 19–505 and 19–509 of this subtitle are not in effect; and
 (ii) collectible from the insurer of that motor vehicle.
 (e) *Reduction due to workers' compensation benefits.*—Benefits pay-able under the coverages described in §§ 19–505 and 19–509 of this subtitle shall be reduced to the extent that the recipient has recovered benefits under the workers' compensation laws of a state or the federal government for which the provider of the workers' compensa-tion benefits has not been reimbursed."

**2.** Section 19–509(e) of the Insurance Article provides as follows:
 "(e) *Amount of coverage.*—(1) The uninsured motorist coverage contained in a motor vehicle liability insurance policy:
 (i) shall at least equal:
 1. the amounts required by Title 17 of the Transportation Article; and
 2. the coverage provided to a qualified person under Title 20, Subtitle 6 of this article; and
 (ii) may not exceed the amount of liability coverage provided under the policy.

*Popa, supra,* 352 Md. at 477–478, 723 A.2d at 11–12; *Staab v. American Motorists, supra,* 345 Md. at 435–437, 693 A.2d at 343–344.

This Court has repeatedly stated that these uninsured/underinsured provisions of "the Insurance Code provide an injured insured with resources equal to those which would have been available had the tortfeasor carried liability coverage equal to the amount of uninsured motorist coverage which the injured insured purchased from his own insurance company." *Waters v. USF & G,* 328 Md. 700, 714, 616 A.2d 884, 890 (1992). *See also, e.g., Clay v. GEICO,* 356 Md. 257, 265, 739 A.2d 5, 9–10 (1999); *Forbes v. Harleysville Mutual, supra,* 322 Md. at 697–698, 589 A.2d at 948; *Hoffman v. United Services Auto. Ass'n,* 309 Md. 167, 172, 522 A.2d 1320, 1322 (1987); *Nationwide Mutual Ins. v. Webb,* 291 Md. 721, 737, 436 A.2d 465, 474 (1981). We have held invalid insurance policy limitations on uninsured/underinsured motorist coverage which were "inconsistent with the purpose of placing the insured in the same position as he would have been if the tortfeasor had been insured," *Nationwide Mutual Ins. v. Webb, supra,* 291 Md. at 737, 436 A.2d at 475. In the case at bar, if the tortfeasor Reiser had carried liability insurance, his liability insurer would have been required to pay the full amount of the $11,154.00 judgment which Lewis had obtained. Under this hypothetical, the tortfeasor's liability insurer would not have been able to have the $11,154.00 reduced by any medical payments insurance benefits received by Lewis. *See Kremen v. MAIF,* 363 Md. 663, 770 A.2d 170 (2001), and cases there discussed. Accordingly, Lewis's uninsured motorist insurer, standing in the place of a tortfeasor's liability insurer, should also not be able to have the judgment reduced because of medical insurance payments under separate policy provisions.

---

(2) Unless waived in accordance with § 19–510 of this subtitle, the amount of uninsured motorist coverage provided under a private passenger motor vehicle liability insurance policy shall equal the amount of liability coverage provided under the policy."

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR ENTRY OF A JUDGMENT IN ACCORDANCE WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT ALLSTATE INSURANCE COMPANY.*