UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PRIMAX RECOVERIES, INCORPORATED,

*Plaintiff-Appellee,*

v.

No. 02-2115

EDNA YOUNG,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-02-554-PJM)

Submitted: July 29, 2003

Decided: December 18, 2003

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Norris C. Ramsey, NORRIS C. RAMSEY, P.A., Baltimore, Maryland, for Appellant. Brooks R. Amiot, David W. Stamper, PIPER RUDNICK, L.L.P., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Primax Recoveries, Inc. ("Primax") filed suit against Edna Young, seeking equitable and declaratory relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2003) ("ERISA"). After the parties filed cross-motions for summary judgment, the district court found Young sustained injuries in an automobile accident and her health care plan ("the Plan")[1] provided benefits. Young settled her claims with the tortfeasor for $25,000, and with her own uninsured motorist carrier for $275,000. The district court granted Primax's motion for summary judgment, entered judgment in the amount of $154,830.74 and allowed Primax a constructive trust in that amount over funds held in trust by Young's counsel.

On appeal, Young argues Primax could not proceed under ERISA. Alternatively, Young argues Primax was not entitled to a constructive trust over the disputed funds and Maryland insurance law precluded Primax's attempt to seek reimbursement from those funds. Finding no error, we affirm.

This Court reviews an award of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This Court views the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Under ERISA § 502(a)(3) a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropri-

---

[1]Young was a participant of the Fresenius Medical Care North America Medical Plan, a health care plan sponsored by National Medical Care, Inc. Primax was an assignee of the Plan.

ate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3)).

Whether restitution is a legal or equitable remedy depends on the basis of the plaintiff's claims and the type of underlying remedies requested. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002). A plaintiff could obtain restitution in equity, generally in the form of a constructive trust or equitable lien, when "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* (citation omitted). When, however, the property or proceeds were dissipated so that no product remained, the plaintiff was considered a general creditor, and could not enforce a constructive trust or equitable lien. *Id.* at 213-14. "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214.

Because the funds at issue are within Young's possession, this case is distinguishable from *Great-West*. *See Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 445 (5th Cir. 2002) (noting fact that defendants not in possession of disputed funds was "extremely important" in *Great-West*). Because Primax seeks a constructive trust on identifiable funds that they claim belong in good conscience to them, and those funds are in Young's possession, we find Primax properly proceeded under ERISA.

Young next argues Primax was not entitled to the disputed funds under the terms of the Plan. Young first argues that under the language of the Plan, Primax could only recover benefits received from the Plan that were related to her medical expenses. Although Young claims the funds sought by Primax were not intended to compensate her for medical expenses, Young's general release entitling her to the uninsured motorist proceeds did not specify any particular purpose for the funds. Because the specific language of the Plan allows Primax to assert its rights as to unspecified settlements, and the uninsured motorist proceeds were not specified for any purpose, we do not find

Young's after-the-fact characterization of the purpose of those funds creates a genuine factual dispute that precludes summary judgment.

Young also argues the uninsured motorist proceeds do not constitute a settlement from a third-party within the terms of the Plan. Assuming without deciding the Plan limited its recovery rights to third-party settlements, we find the uninsured motorist proceeds were such a settlement. *See, e.g.*, *Bill Gray Enters. Inc. Employee Health & Welfare Plan v. Gourley*, 248 F.3d 206, 220 (3d Cir. 2001).

Lastly, Young contends Maryland insurance law precludes Primax from seeking reimbursement from her uninsured motorist proceeds.[2] Young notes Maryland provides a statutory scheme mandating automobile insurance. *See Van Horn v. Atl. Mut. Ins. Co.*, 641 A.2d 195, 200-03 (Md. 1994). Because the statutory provisions provide for certain set-offs or reductions from motor vehicle insurance coverage, Maryland courts have invalidated insurance provisions that allow for other reductions to their motor vehicle insurance policies. *See, e.g.*, *Lewis v. Allstate Ins. Co.*, 792 A.2d 272, 275 (Md. 2002).

Young argues these statutory provisions preclude Primax from reaching her uninsured motorist proceeds. However, Young relies primarily upon cases that concern when a motor vehicle insurance carrier may impose reductions or exclusions as to its coverage under Maryland's statutory scheme.[3] We find these cases to be inapposite. We therefore conclude that Maryland insurance law does not affect Primax's ability to reach Young's uninsured motorist proceeds.

Accordingly, we find the district court properly granted summary judgment in favor of Primax and affirm its order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Primax concedes ERISA does not preempt this provision.

[3]Similarly, to the extent Young cites *Erie Ins. Co. v. Curtis*, 623 A.2d 184 (Md. 1993), we find it inapposite to these facts.